and American presidency, 50 minutes per side. Mrs. Lockhart, please come to the podium. Good afternoon, Your Honors. Good afternoon. May it please the Court, my name is Zenaida Lockhart and I represent the appellant Donald Melton in this case. I'd like to reserve three minutes for rebuttal, please. All right. Your Honors, while my brief focuses on two issues, for today's purposes I'd like to look just at the Rule 11 issue and its applicability in a supervised release revocation hearing. Due process at a minimum requires that a defendant prior to entering a plea understand the nature of the allegations against him as well as the consequences that will arise if he pleads guilty to those allegations. In this particular case, Mr. Melton was advised by the Court that the maximum time he could be exposed to if he admitted to the violations of supervised release was 24 months. After being advised of that consequence, he then pled guilty. He was later sentenced to 18 months imprisonment followed by three years of supervised release, and he was not aware that he could have been exposed to the additional three-year period of supervised release. So for that reason, Your Honors, we're asking the Court to remand the case back to the District Court for resentencing consistent with the sentence that he was advised he could receive, which would have been the maximum of 24 months. In this particular case, Your Honors, if the Court looks through the colloquy that Mr. Melton was given, it's actually a very thorough colloquy, and in a lot of cases, Mr. Melton was given. But the important fact about this particular colloquy is that he was not properly advised of the consequences to which he's pleading. So we're asking the Court under Rule 11B1H, which requires that the defendant must understand the maximum possible penalty, including the imprisonment, the fine, and the term of supervised release prior to entering his plea. We're asking the Court to find that his plea was not knowing involuntarily made because he was affirmatively misled. Do you want to argue that all of the standard questions for a guilty plea have to be done at the revocation of supervised release? I don't think the Court needs to go that far. I understand that we're arguing... How can we avoid going that far and still rule in your favor? I don't understand. Well, I think the Court... You want to say, well, let's pick and choose which ones would be handy? No, Your Honor, I don't think that the Court has to do that. I think the Court can under due process. If the Court doesn't want to find that a full Rule 11 colloquy is required, the Court can find under due process that at a minimum, Mr. Melton should have been advised of the nature of the allegations as well as the consequences of his plea. Did he have an attorney? He did have an attorney, yes. Why can't, as a due process matter, as apart from a Rule 11 matter, why can't we rely on the attorney to tell him what the consequences are of testifying? Well, I think it's the prosecution's burden to show that it's a voluntary plea. And I think an actual plea colloquy, I think, well, I think there's two different answers to that, Your Honor. It's not exactly a plea. It's an agreement that the facts occurred, right? Well, and it's admission to violations of your supervised release. Admission to violations. That's not a plea of guilty, technically. It may work sort of like that, I guess. Well, it functions such that if he admits that he violated his supervised release, then there are penalties that would follow. So the court could then revoke his supervised release and impose these penalties. How much more supervised release did he have when this happened? How much more did he have to finish? Your Honor, I'm not exactly sure what term was left. I know he was originally given a three-year term, and I'm not sure how much was left at the time that he was revoked. But Your Honor, the fact that the court reimposed an additional three-year term actually exposed him to five years of supervision by the government. And Mr. Melton did not understand that at the time that he entered his plea. And going back to your question about whether or not... Entered the plea for the probation or for the original plea? For the revocation of the supervised release. Now I'm glad that you brought... He didn't enter exactly a plea, did he? They come up for hearing as to whether he did it or he didn't do it. And rather than have the testimony, he just said, I did it, right? Well, he does come up for hearing, and he's given the option to have a hearing. Had he decided to have a contested hearing, then a witness would have been called and would have testified as to the nature of the violations. That's up to he and his lawyer. I'm sorry? That's up to he and his lawyer, is it not, as to whether they wanted an extensive hearing? That's correct. But the court still is required to inform him of those, of the rights that he's giving up prior to entering his admission and then being sentenced by the court. And that didn't happen in this particular case. What about the lawyer's obligation in that? Well, Your Honor, I think that's a separate issue. And is the lawyer so incompetent we ought to report him to the bar? Your Honor, that's a separate issue. The effectiveness of the counsel is a separate issue that could be raised in a separate petition, not for this court. But your argument really boils down, should he have known that if I plead guilty to probation violation, I will have a penalty? Yes, Your Honor. I think he should have known specifically what that penalty was. And in this case, he was affirmatively told his penalty was 24 months. So if, for example, Your Honor, if he had gotten a sentence of 18 months followed by six months of supervised release, he wouldn't be appealing to this court. He's appealing to this court because he was told the maximum exposure was 24 months. And the court ended up giving him a sentence that, in essence, resulted of just shy of or six months shy of five years of supervision. So he has an additional three years of supervised release that he has to serve after he completes this 18 months imprisonment. And Your Honor, speaking... He wasn't told that he wasn't going to get an additional supervised release period. He was not told that. He was just told what the limit was on the subsequent imprisonment that could be imposed. He was told that... And Your Honor, I can refer you to the page ID if I may have just a moment. Well, I mean, I assume it's what you just read us, which is... He was told the maximum period of time is not more than 24 months. Maximum period of what kind of time? Your Honor, the court did not specify. The court just said the maximum period of time. If you have it in front of you, what's he say exactly? I'm sorry? If you have it in front of you, what exactly did the court say? Well, Your Honor, that's on page ID 1758 of the record. And I'll turn directly to it. But didn't the magistrate indicate... He didn't object to the magistrate's findings, did he? No, he did not object to the magistrate's findings. Doesn't he waive this argument then? Well, Your Honor, I think under United States v. George, which is 573 Federal Appendix 465, it's a Sixth Circuit case out of 2014, the court here held that you don't waive that argument when you're talking about the voluntariness of a plea. And they said specifically, 14 days may not suffice to alert an otherwise incompetent or unknowing defendant to the involuntary or unknowing nature of his plea. And so in this particular case, we're arguing that he hasn't waived it because this has to do with whether or not his admission or his plea was voluntary. And so since it was not, then he hasn't waived it. But I mean, the magistrate recommended a certain sentence. That's correct. And that was written. And presumably, he or his lawyer could read that. That's correct. And then they chose to do nothing about it. That's right. But Your Honor, I think under this case, United States v. George, it's not necessarily waived at this level because he didn't object to the report. Because this is a question about whether or not his plea was voluntary. And since it wasn't voluntary, he doesn't have to object under United States v. George. Well, what about these other Sixth Circuit cases, the Bostic line of cases and those cases that follow Bostic? Wouldn't he have had to object to comply with those cases before he could raise this now? Well, I think the question is a question of, and United States v. George actually talked about if a defendant has an appellate waiver in their plea agreement, and then they don't, you know, they don't waive their right to appeal, they can challenge the validity of that plea. They don't necessarily waive their right to appeal. They won't enforce that right. So I think the same argument goes here. Despite Bostic and despite all those other cases, we're talking about the voluntariness of his plea. So he doesn't waive his right to appeal that because his plea was involuntary. Well, even if you have a written plea agreement, you can waive for not complying with Bostic if the court says, for example, do you have any other objections or issues to bring up? You should do that, and I don't know that, well, what happened here? What was actually said in court? Well, what happened in this case is the magistrate said that they would issue a written order to include the judgment in the sentence that they were going to take under consideration all the arguments presented by counsel and that they were then going to issue a written order. So a written order was issued. But he was told orally in court what the supervised release period was going to be. He was not told the actual sentence. He was told that the judge would decide that and issue it in the written order. And then the written order was given, the period of time lapsed for giving written objections, and then the judgment, Judge Bunning adapted the magistrate's report and recommendation and entered the judgment. And then Mr. Melton timely appealed once he received notice of the judgment. I see. Counsel, I'm looking at the page that you referred me to, and that's where the court said these words. Is this the district court or the magistrate? This is the magistrate, Your Honor. Under the guidelines, the recommended range of imprisonment for you upon a finding of guilt to a grade A violation and a criminal history of two is a period of 15 to 21 months. Now, that's the guideline range. Do you understand, sir? Yes, sir. Okay. The maximum period of time that can be imposed under the statute, however, is up to 24 or not more than 24 months. Do you understand, sir? Yes, sir. I don't see how that can be read as anything other than you won't get more than 24 months of imprisonment. Well, Your Honor, I think it's a bit ambiguous. He says the maximum period of time that can be imposed. I don't think the judge... Yeah, but it's right after he's talking about the criminal history category for imprisonment. I mean, I don't see how anyone would read that as saying anything one way or the other about supervised release. People talk about those ranges in terms of imprisonment, and that's exactly what he's doing. Well, I would agree with the court that they talk about... But to say that he sort of suggested that he wouldn't get more than 24 months of supervised release sort of fights against the words that you're directing me to. Well, Your Honor, I think when the court advises of possible penalties, they advise this is the guideline range. The guideline range is advisory, not mandatory. And so Mr. Melton understands that 24 months is the maximum time, but within that, he can get supervised release, he can get imprisonment, he can get... And then I'm reading on, it says, what's the longest time, period of time, Mr. Melton, you understand, that you could receive in prison for a grade A violation, defendant Melton, 24 months? Right. Sounds like in prison. I mean, that doesn't sound like on supervised release. The court never clarified that they could then give him an additional three years of supervised release. They didn't affirmatively say it, but they didn't say something which suggested that you couldn't do it. It just didn't talk about supervised release. Well, and I think... Didn't talk about, you know, to refer to the other case, didn't talk about you can't carry a weapon, didn't say a lot of things. It just said in prison will be less than 24 months. So if they say nothing, then you have to come up with some authority that says you have to advise on supervised release before you can let them agree that they committed the violation as a matter of due process, right? Right. That has to be your argument. That's correct, Your Honor. Well, what's the strongest support for that? It's just sort of due process? It would be good? I mean, when he's represented by a lawyer who knows this? Well, Your Honor, I see that my time is up, and I'd like to finish answering this question. I'm curious. The lawyer issues is kind of a separate issue, because if the court looks through the full, you know, transcript, I mean, the violation report was never read to him by his lawyer, never discussed with him. You know, with his lawyer, so arguably, Mr. Melton is learning of all these things during the hearing or as the hearing's going on. But it's the court's responsibility, and that's the reason that I gave the court the 28-J letter for that Pigman case. It's the court's responsibility to make sure that this hearing is conducted in such a way that due process is achieved. And here, the court did not explain to him the full exposure of what he was looking at. They said 24 months max. So he didn't understand that that could mean, in addition to imprisonment, you can get a period of supervised release. And I think that's clear in the argument that he made when he asked the court to give him supervised release in lieu of imprisonment. He specifically says, I'd like to be put back on supervised release in lieu of imprisonment. So I think that's, the court should have distinguished that for him, and it's the court's responsibility to do that. Thank you, Your Honor. Thank you, Your Honor. May it please the court. There are three grounds upon which the court can rule to affirm the district court's determinations. The first of which is waiver, something that you've touched on already. The second is that the district court did not violate Rule 11 because Rule 11 does not apply to a Rule 32.1 proceeding. And finally, even if Rule 11 did apply, under these circumstances, the defendant's admissions to the supervised release violations were clearly knowing, voluntary, and intelligent. Starting with the waiver argument, it is well established law that to preserve an order for The defendant here failed to object to the sentence that included the supervised release term, to the determination that the defendant committed the four violations, to the voluntariness of the plea, that the magistrate judge neglected to include the supervised release term at the hearing, or that the magistrate judge violated Rule 11. The defendant has cited to United States versus George to say that there is no bar to an appeal where the issue is the voluntariness of the plea. United States versus George, my reading of the case is that the court is saying that the waiver of appeal that was attendant to what was considered an involuntary plea was not necessarily enforced where the involuntariness of the plea was not distinguished, did not dissipate after the 14 days. In that case, the magistrate judge had infused himself in the plea negotiations. And so what made that plea involuntary did not dissipate over time. Here, if the court was to decide that it wasn't voluntary for failing to state those magic words, that supervised release term was on the table, that problem dissipated at the magistrate judge's report and recommendation, which stated no less than six times that supervised release was on the table. There's plenty of time to object to the voluntariness of the plea, to the statements in the hearing, and the defendant failed to do so. And there are no interests of justice that counsel to allow this challenge to not be waived. Getting to the heart of this argument, I believe we're here today because this circuit has never said in a published opinion that Rule 11 does not apply in a Rule 32.1 proceeding. Three circuits so far have affirmatively held that Rule 11 proceedings do not, or Rule 11 strictures do not apply to Rule 32.1 proceedings, and arguably the Ninth Circuit has also so held. It first held that Rule 11 doesn't apply in Rule 32.1 probation hearings, it did that in Segal. It has subsequently said that probation and parole and supervised release are the same as far as constitutional protections go. That was in Soto Olivas. It's 44 F 3rd 788. And then it subsequently said that, according to Segal, that Rule 11 should not apply in supervised release. Any cases go the other way? Not to my knowledge. And in the district courts? Well, not to my knowledge. So the reasons that these three circuit courts have reached that conclusion are numerous. On the face of Rule 11, it applies to a guilty plea, a plea to guilt of a criminal offense. The advisory committee notes underneath the Rule 11 do not broaden the applicability outside of that context. And the courts have determined that in order to apply it broader, the Second Circuit has said that that would require the court to meddle with a rule that is clear on its face. Second, the nature of Rule 11 proceedings versus Rule 32.1 proceedings counsels in favor of a distinction between the strictures that the district court, or magistrate judge in this case, must apply. Counsel, just to progress the argument a little bit, I took your opposing counsel basically to be saying this isn't really the applicability of Rule 11, it's just due process. Well, under due process... Yeah, it's like Rule 11 does a lot of stuff, and some of it's driven by due process. We're just saying due process requires this. Sounds like Rule 11, but we're relying on due process. That's what I took her to say. So due process affords defendants different levels of constitutional protections based on what phase of the criminal proceeding we're at. A defendant prior to conviction is afforded all of the rights of the Constitution, a right to a jury trial, a right to confrontation, a right against self-incrimination. All of these rights change at the point of conviction. There is no longer a presumption of innocence from criminal liability. That presumption goes away once you are convicted. Is there a presumption of innocence with respect to violations of supervised release? Yes. And the words I chose them specifically to state that there's no presumption of innocence from criminal liability. There is still, of course, presumption of innocence from the violations prior to an admission to those violations. But the constitutional rights you are afforded at a Rule 32.1 proceeding are very circumscribed. And as such, or because of that, Rule 32.1 has a very restricted plea colloquy, if you will. No right to a jury. No right to a jury. The level of evidence is preponderance of evidence as opposed to beyond reasonable doubt. Rule 32.1 was written so as to allow this relationship, a new relationship that is formed at the point of conviction, to be fostered. And that relationship involves the court and probation trying to do what is best for a defendant as far as rehabilitative ends goes. And it does extend the punishment, though. I mean, he gets punished more than he otherwise would have. Even in terms of total time, it extends it. Is that correct? Well, the Sixth Circuit has very clearly stated, as has the Supreme Court, that supervised release phase of a criminal proceeding actually extends from the sentence. It is not itself a separate proceeding. It's not a separate criminal violation. And it is certainly not a separate violation of an act of Congress. So while it may extend what was originally sentenced, it was sort of contemplated at the sentencing phase. The original sentence. The original underlying sentencing phase. I think that also Sixth Circuit rulings that we have already on the books do lead to an inescapable conclusion that Rule 11 doesn't apply in these proceedings, and that, therefore, the court should affirm. The first is that in the ICH versus Pressley, the Sixth Circuit said Rule 11 does not apply in probation proceedings. The second case- I mean, this doesn't quite prove your case, because she's saying I'm willing to assume for the moment that Rule 11 doesn't apply, due process requires it. So it doesn't prove the contrary of that to say Rule 11 doesn't apply, right? Well, the issue as stated is that the district court or the magistrate judge violated Rule 11. So in response to that, I would say that Rule 11 does not apply in this context. And as previously stated, there is a very bright line that we always seek in the law between what is, what are the constitutional rights afforded to a defendant pre-conviction and a defendant post-conviction. So to continue what I was saying- What kind of constitutional rights have been recognized with respect to a supervised release, revocation, and going to jail when you're already out of jail? Any, like Morrison versus Brewer? Yes, that's the case that sort of all other cases- Like a parole violation? Yes, and the Sixth Circuit is clear that for due process concerns or for constitutional analysis, parole, probation, and supervised release are analogous. And they're afforded, under the statute, a right to counsel, but the Sixth Circuit says that's not a constitutional right, so they're not even afforded a right to effective counsel. They are afforded the right to, a limited right to confrontation. They can call a witness, but the judge has balance, or can determine that the witness should not appear on the balance of justice, so it's limited. So they are given certain rights, but they are circumscribed at this phase of the proceeding. I would also like to say that what is fundamental to this case is that even if Rule 11 did apply, or even if due process mandated, that the magistrate judge states these magic words that supervised release term is on the table. There is no plain error here as it relates to the voluntariness of this plea. The Sixth Circuit has stated in Williams that in order to determine whether a plea is voluntary or knowing, it depends on a totality of the circumstances. It does say, ideally, the court's going to inform of the full consequences of a plea, but that is not required under the rule. And what Williams looked at was whether the defendant was represented by counsel, whether the defendant was informed of his rights, and that the defendant had already admitted to the violations without objection. Frankly, here to say that the defendant's admissions to these, or stipulations to the violations, was somehow involuntary is disingenuous. There are so many levels of protections here that were afforded to the defendant. He was represented by counsel, he volunteered the admissions without qualification twice in the hearing. The magistrate judge provided the defendant the time to review a supervised release violation report, which had been issued before, gave him time to review it at the hearing, gave him time to discuss that report with his counsel at the hearing. Defendant waived a right to formal acknowledgment of the violations and penalties. The magistrate judge then methodically went through each of the violations, making sure that the defendant affirmed the underlying factual basis. The AUSA at the hearing did state that the term of supervised release was on the table. The defendant was read the rights that are available to a defendant at this stage. And finally, the report and recommendation issued three days after the hearing stated six times that supervised release is on the table. So with that being said, we ask that the court affirm the district court's ruling. All right, thank you. Any rebuttal? Your Honor, with respect to the cases that my sister counsel is relying on as far as rule 11 doesn't apply to supervised release hearings, I would argue that those cases should not be followed by this court. And that reason is because this court has already distinguished that the initial case, or the case that goes into the most detail, is United States versus Polensky, and that's the Second Circuit case. And they rely on the case out of the Ninth Circuit, which is United States versus Segal, which she did reference. But those circuits all have decided that supervised release and probation are essentially the same, that there's no difference between them. And our circuit has recognized, and I think correctly so, that supervised release and probation are different. And the reason is, is that the penalties that attach to violating probation and the penalties that attach to violating supervised release are different. When you initially plead guilty, and I'm talking about not at a revocation hearing, but an initial plea of guilty. If you're given a sentence of probation, the maximum penalties are explained to you. So you know that if you violate, you're on the hook for the original term of incarceration. When you violate supervised release, the penalties that attach are different. And those penalties are not explained in an initial guilty plea hearing. Instead, those penalties need to be explained, and that's our argument today, at the revocation hearing so that the defendants understand prior to pleading guilty exactly what their exposure is. That makes sense. How do you respond to the argument that this should have been raised and that our precedence dealing with the continuing effectiveness of the invalidity of the plea, or whatever it is, don't apply here because she knew that this was going to be, that she was going to be given this kind of additional supervised release in time for her to raise it? You mean from the magistrate's report and recommendation? How do I get over the waiver issue? I mean, I think our best argument is that we have to rely on the United States versus George and that this wasn't a voluntary plea. But she, your opposing counsel, distinguishes that, as I understand it, on the ground that in that case, the basis for saying that the, that her waiver wasn't effective because she didn't, the reasons for the, the reasons continue to apply, right? Am I making sense? She says that doesn't apply here because the defendant knew that this was on the table. For over two weeks and didn't raise it. That's the argument. I understand. You understand the nature of her argument. Can you respond to it? I understand that. You didn't articulate it very well, but I think you know what we're talking about. I do have a response, your honor, although I'm not sure the court will. Obviously, my strongest argument is United States versus George. My secondary argument is that the court wants to. But she's distinguishing that, I'm asking how you respond to the distinction.  But I'd ask the court to look at first, there is an assumption that the defendant, prior to the revocation hearing, would have received a copy of the violation report. He testifies very clearly in response to a question by the magistrate that he didn't read it. He didn't receive a copy, or he said, I received a copy of it. I didn't read it. My attorney didn't read it to me. But I know generally what it says. And then the court gives him a copy and has him read that. Not to object to a magistrate's report, is it? I understand that. But I think if you look at that, and then you look at the fact that the court never, on the record, explained to the client what his sentence would be. And then there was an electronic issuing of this report and recommendation. In a typical case, the court can assume that because it's electronically filed, the attorney gave it to the defendant. In this case, I'd ask the court to look into the facts of this case. And I understand that's a bit unusual. And gather that, perhaps, Mr. Melton did not receive a copy of the report and recommendation and made his argument as soon as he could, which is after the judgment was filed, he timely appealed. And I would submit that that's kind of how we can get around her argument. I do see that my time is up, Your Honor. So I'd ask the court to remand for resentencing. Thank you. All right. Thank you very much. And the case is submitted.